# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELIZABETH RICCHIO, ) | 1:09-cv-01959 AWI MJS HC |
| Petitioner, ) | |
| v. ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| K. EICHENBERGER, Warden, ) | [Doc. 29] |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Christopher J. Rench, Esq., of the Office of the Attorney General for the State of California.

**I.   BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") pursuant to a judgment of the Superior Court of California, County of San Diego. (See Pet, ECF No. 1.) On April 4, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. In her petition, Petitioner asserts that "prison officials manufactured a fake enemy chrono... And insert[ed] it into her central file." (Id. at 3.) Petitioner further asserts that the fake enemy chrono was relied upon to deny her parole at her April 7, 2007

parole suitability hearing. (Id. at 6.)

On August 20, 2010, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. Petitioner filed an opposition to Respondent's motion to dismiss on September 1, 2010. On September 14, 2010, Respondent filed a reply to Petitioner's opposition.

## II.     DISCUSSION

### A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d

1    13, 14 (9th Cir. 1971).

2    **B.     Discussion**

3    Petitioner claims that the CDCR is violating her due process rights by maintaining false information regarding her conduct in her central prison file. (Pet. at 6.) She alleges that an informational report (specifically a CDC 128B informational chrono) listing other inmates as potential enemies of Petitioner was manufactured and intentionally placed in her central file in retaliation for her reporting the sexual misconduct of a correctional officer. (Id. at 24, 28.) Petitioner believes that the report was instrumental in her being denied parole, even though the parole board did not rely on the report in makings its determination.  Petitioner requests that the court expunge the erroneous information from her prison central file. (See id. at 64.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. One alleging a due process violation must first demonstrate that she was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

Courts have been divided as to whether a prisoner has a protected liberty interest in an accurate prison file.[1] The Fourth Circuit has previously recognized a limited liberty interest, secured by the Constitution, in having false information expunged from one's prison file. See Paine v. Baker, 595 F.2d 197, 201-02 (4th Cir. 1979). Under the decision in Paine, a prisoner was entitled to relief if she could show that: (1) the information in question was actually false; (2) the erroneous information was in his central file; and (3) the erroneous information was likely to be relied upon "to a constitutionally significant degree." Id.

---

[1] The Ninth Circuit itself has refrained from addressing the issue of whether there is a constitutional due process right in an accurate prison file. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) ("Because Washington law provides a liberty interest in accurate prison record information in the proper case, we do not reach the question of whether in the absence of the statute, such right is 'grounded in the due process clause' itself.").

However, following the United States Supreme Court's decision in Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), the validity of Paine has been called into question. See Johnson v. Rodriguez, 110 F.3d 299, 309 n.13 (5th Cir. 1997) ("[A]lthough Paine has not been expressly overruled, subsequent Fourth Circuit cases . . . undercut any contention that the Paine analysis is still viable."). In Greenholz, the Supreme Court held that the U.S. Constitution, of its own force, does not create a liberty interest in parole.[2] 442 U.S. at 7. See also Jago v. Van Curen, 454 U.S. 14, 17-21, 102 S. Ct. 31, 70 L. Ed. 2d 13 (1981) Thus, as the Fifth Circuit explained in Johnson, a prisoner who does not have a liberty interest in parole under the United States Constitution cannot legitimately expect the procedures relating to the grant of parole, including the maintenance of accurate prison files, to be protected by the Due Process Clause. Johnson, 110 F.3d at 309 n.13. "The protections of the Due Process Clause are only invoked when State procedures . . . imperil a protected liberty or property interest." Id. at 308; see also O'Kelley v. Snow, 53 F.3d. 319, 321 (11th Cir. 1995) ("[U]nless there is a liberty interest in parole, the procedures followed in making a parole determination are not required to comport with standards of fundamental fairness.").

However, California's statutory scheme does give rise to a cognizable liberty interest in release on parole. Sass v. Cal. Bd. Of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); McQuillion I, 306 F.3d at 903; see also In re Lawrence, 44 Cal. 4th 1181, 1204, 1210, 1221, 82 Cal. Rptr. 3d 169, 190 P.3d 535 (2008). Accordingly, this court concludes that the Paine analysis is still viable, although subsequently modified by the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). See Edwards v. Marshall, No. CIV F-03-6233 AWI WMW HC, 2006 U.S. Dist. LEXIS 50390, 2006 WL 845645, at *2-3 (E.D. Cal. July 24, 2006).

In Sandin, a prisoner sought removal of a misconduct charge from his prison record on

---

[2] The Court also held that a state's statutory scheme could give rise to a cognizable liberty interest in parole if the statutes used mandatory language and created a legitimate expectation of release. See Greenholtz, 442 U.S. at 12; see also Bd. of Pardons v. Allen, 482 U.S. 369, 372-81, 107 S. Ct. 2415, 96 L. Ed. 2d 303 (1987); McQuillion v. Duncan, 306 F.3d 895, 900-903 (9th Cir. 2002) (McQuillion I).

1 the grounds that his due process rights were violated during the disciplinary hearing on the
2 charge. <u>Sandin</u>, 515 U.S. at 475-77. The Court held that a liberty interest implicating the Due
3 Process Clause only exists where the prisoner can demonstrate that the State action would
4 "inevitably affect the duration of his sentence" or impose "an atypical and significant hardship
5 on the inmate in relation to the ordinary incidents of prison life."[3] <u>Id.</u> at 484, 487. Because the
6 misconduct charge at issue would not invariably defeat his release on parole, the Court
7 concluded that the prisoner could not invoke the protections of the Due Process Clause. <u>Id.</u>
8 at 487. Accordingly, after <u>Sandin</u>, a prisoner has a liberty interest in the accuracy of his central
9 file only if the erroneous information "inevitably affects the duration of his sentence." <u>Morales</u>
10 <u>v. Rubia</u>, No. 2:07-cv-00826 RSL JLW, 2009 U.S. Dist. LEXIS 70373, 2009 WL 2474743, at
11 *24 (E.D. Cal. Aug. 11, 2009). See also <u>Rio v. Schwarzenegger</u>, No. EDCV 09-214-TLJ
12 (MAN), 2009 U.S. Dist. LEXIS 49560, 2009 WL 1657438, *6 (C.D. Cal. June 10, 2009)
13 ("[A]fter <u>Sandin</u>, an inmate seeking to expunge erroneous information from his file under the
14 Due Process Clause 'must show that the false information will inevitably lengthen the duration
15 of the inmate's incarceration.'"); <u>Jacobs v. Sullivan</u>, No, 1:05-cv-01625-AWI-WMW (PC), 2009
16 U.S. Dist. LEXIS 41318, 2009 WL 1211390, at *7 (E.D. Cal. May 1, 2009) (dismissing civil
17 rights complaint which sought expungement of plaintiff's prison record because "[a]ny concern
18 that the information will be used against Plaintiff in the future is premature."); <u>Ellington v.</u>
19 <u>Director of Corrections</u>, No. 1:09-cv-00054-DLB PC, 2009 U.S. Dist. LEXIS 34895, 2009 WL
20 900168, at *6 (E.D. Cal. Mar. 30, 2009) (same); <u>Edwards</u>, 2006 U.S. Dist. LEXIS 50390, 2006
21 WL 845645, at *3 (denying relief with respect to an expungement claim raised in a habeas
22 action).

23         That high standard cannot be met here. Petitioner seeks to expunge from her central
24 file a chrono she asserts was improperly placed in her file regarding claims of sexual
25 misconduct with a correctional officer. (<u>See</u> Pet. at 5-6.) Even if the Court assumes that this

26 ──────────────────
27     [3]The Supreme Court in <u>Sandin</u> addressed the inmate's rights under the Due Process Clause in response to a civil rights action filed under 42 U.S.C. § 1983. In this, a habeas corpus petition, Petitioner must show that the violation not only affects her rights under the Due Process Clause, but also that it affects the duration of her
28 sentence.

information is false and is still present in Petitioner's central file, as she alleges, the Court cannot conclude that the information contained in Petitioner's central file will "inevitably [lengthen] the duration of [her] sentence." Sandin, 515 U.S. at 484. See also Morales, 2009 U.S. Dist. LEXIS 70373, 2009 WL 2474743, at *24. As explained above, the Parole Board's decision as to whether a prisoner is suitable for parole "rests on a myriad of considerations." Id. at 487. In this regard, the Board is to consider:

> All relevant, *reliable* information . . . . Such information shall include the circumstances of the prisoner's: social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is *reliably* documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs., tit. 15, § 2281(b) (emphasis added). Petitioner will be afforded "procedural protections at his parole hearing in order to explain the circumstance[s]" behind any disputed information. Sandin, 515 U.S. at 487. See also Cal. Code Regs., tit. 15, § 2249. Therefore, the chance that the allegedly erroneous chrono regarding Petitioner's enemy concerns in Petitioner's central file will alter the balance at petitioner's parole hearing is "simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Sandin, 515 U.S. at 487. See Morales, 2009 U.S. Dist. LEXIS 70373, 2009 WL 2474743, at *20-26 (finding that false information in an unsigned probation report would not inevitably lengthen petitioner's sentence); see also Edwards, 2006 U.S. Dist. LEXIS 50390, 2006 WL 845645, at *2-3 (holding that erroneous information regarding petitioner's gang affiliation does not warrant expungement). Furthermore, as stated by Petitioner, the parole board did not mention or rely on the report in question in denying Petitioner parole. (Opp'n, ECF No. 30.) Accordingly, Petitioner has failed to state a cognizable claim for federal habeas relief in this regard.[4]

---

[4] It should be noted that Petitioner has brought a separate writ for petition of habeas corpus challenging her denial of parole at a May 7, 2007 parole suitability hearing. See Ricchio v. Hornbeck, E.D. Cal. Case No. 1:10-cv-00824-OWW-SKO.

For all the reasons discussed above, petitioner has no tenable claim for relief on the grounds alleged and therefore dismissal of the pending habeas petition should be without leave to amend. Jarvis, 440 F.2d at 14.

### III. CONCLUSION

As explained above, it Petitioner has not stated a cognizable claim for relief and that the motion to dismiss be granted.

### IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED based Petitioner's failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 5, 2011                         /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

-7-